IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BEAZER EAST, INC.,          )
                            )
           Plaintiff,   )
                            )
    v.                   ) Civil Action No. 91-408
                            )
THE MEAD CORPORATION,      )
                            )
          Defendant,   )
                            )
    v.                   )
                            )
KOPPERS INDUSTRIES, INC.,   )
                            )
           Third-Party  )
            Defendant.   )

MEMORANDUM AND ORDER OF COURT

Presently before the court is a motion filed by The Mead Corporation ("Mead") for judgment on the pleadings for failure to state a claim upon which relief can be granted and/or for dismissal based on lack of subject matter jurisdiction in light of intervening Supreme Court authority. For the following reasons, Mead's motion will be denied.

The parties are quite familiar with the factual background of this now fifteen-year-old case. Accordingly, the procedural history will only briefly be addressed as it pertains to Mead's pending motion.

In 1991, Beazer East, Inc. ("Beazer") signed an Administrative Order on Consent ("AOC") developed by the United States Environmental Protection Agency which required Beazer to investigate and cleanup the Woodward Facility Coke Plant in Alabama. In March of 1991, Beazer filed the pending suit under CERCLA seeking contribution for its investigation and cleanup costs from Mead, from whom Beazer's predecessor, Koppers Company, Inc., had bought the site in 1974.

In 1994, following this court's granting of summary judgment in favor of Mead based on the court's interpretation of an indemnity provision contained in the 1974 purchase agreement, the Third Circuit Court of Appeals reversed and remanded the case for further proceedings on Beazer's contribution claim. Beazer East, Inc. v. The Mead Corporation, 34 F.3d 206 (3d Cir. 1994)("Beazer I"). On remand, this court was to determine which of Beazer's response costs were necessary and consistent with the National Contingency Plan, 42 U.S.C. §9607(a)(4)(B), and what percentage of those costs should be borne by each of the responsible parties: Beazer, Mead and Koppers Industries, Inc.

Upon referral from this court, Magistrate Judge Benson conducted a lengthy hearing on the equitable allocation issue in May of 1997 and issued a Report and Recommendation in November of 1999. In March of 2000, this court adopted Magistrate Judge Benson's Report and Recommendations with some modifications. In

2

light of those modifications, the court concluded that Mead's share of the response costs was 67.5% and Beazer's share 32.5%. Subsequently, following a three-day trial, the court determined that Beazer had incurred recoverable response costs of $4,805,137.60 through the end of 1999 and entered judgment against Mead for 67.5% of these costs, or $3,243,467.80.    In October of 2002, the court entered a declaratory judgment requiring Mead to pay 67.5% of Beazer's ongoing response costs associated with implementing the AOC.

Mead appealed this court's orders to the Third Circuit Court of Appeals.    On December 26, 2003, having been briefed by both parties, the case was submitted for decision.    On June 13, 2005, the Third Circuit filed an opinion remanding the case back to this court "for a new equitable allocation proceeding." Beazer East, Inc. v. The Mead Corporation, 412 F.3d 429, 432 (3d Cir. 2005)("Beazer II").

On December 14, 2004, while Beazer II still was pending in the Court of Appeals, the United States Supreme Court handed down its decision in Cooper Industries, Inc. v. Aviall Services, Inc., 543 U.S. 157 (2004) ("Aviall").    Therein, the Court held that a private party who had not been sued in an administrative or cost recovery action under §106 or §107(a) of CERCLA, 42 U.S.C. §§ 9606 or 9607(a), may not obtain contribution from other liable parties under §113(f)(1) of CERCLA, 42 U.S.C. §9613(f)(1).    543 U.S. at

3

160.   Rather, the "during or following any civil action" language
set forth in §113(f)(1) requires, as a specified condition to
seeking contribution under §113(f)(1), a pending or adjudicated
civil action under either §106 or §107(a).   Id. at 165-66.

In its pending motion, Mead seeks judgment on the pleadings
and dismissal of the remaining count of Beazer's complaint
pursuant to Fed.R.Civ.P. 12(c) for failure to state a claim upon
which relief can be granted, since Beazer's sole remaining claim
in this case is a §113(f)(1) claim and Beazer fails to satisfy the
"during or following a civil action under §[106 or §107(a)]"
condition recognized in Aviall.   In its reply brief to Beazer's
response, Mead shifts gears somewhat and also seeks dismissal of
Beazer's claim for lack of subject matter jurisdiction.[1]  Beazer
subsequently filed a surreply to Mead's reply addressing the
jurisdictional issue.   The court held oral argument on Mead's
motion on June 10, 2006.

The court first will address Mead's contention that Aviall
deprives this court of subject matter jurisdiction over this case

---

[1]   Although Mead's motion for judgment on the pleadings
requested dismissal solely "for failure to state a claim upon
which relief can be granted" and did not raise any jurisdictional
argument, Mead asserts in a footnote in its response brief that
Beazer, and, presumably, the court, should have been on notice of
such an argument from a paragraph in the parties' Joint Status
Report and Proposed Case Management Order where Mead indicated its
belief that Aviall deprives this court of jurisdiction.   In any
event, Beazer had the opportunity to file a surreply addressing
the question and the court heard oral argument on the issue and it
properly is before the court.

4

because, if Mead is correct, dismissal is required under Fed.R.Civ.P. 12(h)[2]. Upon due consideration, the court concludes that Mead is not correct and rejects Mead's contention that this court no longer has subject matter jurisdiction over this case in light of Aviall.

Jurisdiction in CERCLA cases is conferred by 42 U.S.C. §9613(b) which provides in pertinent part:

> Except as provided in subsections (a) and (h) of this section, the United States district courts shall have exclusive original jurisdiction over <u>all controversies arising under this chapter</u>, without regard to the citizenship of the parties or the amount in controversy.

(emphasis added).

Ever since this case was filed in 1991, it indisputably has involved a "controvers[y] arising under [CERCLA]" and in the ensuing fifteen years the jurisdiction of this court never before has been called into question. In <u>Beazer II</u>, the Third Circuit expressly recognized that "the District Court had jurisdiction over this case under 42 U.S.C. §9613(b), which vests exclusive jurisdiction of CERCLA claims in the federal courts, as well as under 28 U.S.C. §§1331 and 1332."[3] <u>Beazer II</u>, 412 F.3d at 434;

---

[2] Rule 12(h) of the Federal Rules of Civil Procedure provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

[3] As the Third Circuit acknowledged, in addition to the jurisdiction expressly conferred by CERCLA, this court also has

5

see also Beazer I, 34 F.3d at 210 ("[t]he district court had subject matter jurisdiction over this case under 28 U.S.C.A. §§1331, 1332, 1367 . . . and 42 U.S.C.A. §9613(b))."

Mead, however, contends that the Aviall holding strips this court of its previously recognized subject matter jurisdiction over this case because Beazer's claim fails to meet a statutory jurisdictional threshold for bringing a §113(f)(1) claim as determined in Aviall. However, upon due consideration, this court is convinced that, rather than identifying a jurisdictional threshold, Aviall instead recognized a condition constituting an element of a claim for relief under §113(f)(1).

The fundamental issue before this court boils down to whether the condition requiring a §106 or §107(a) civil action in order to seek contribution under §113(f)(1) is a jurisdictional threshold or simply an element of a §113(f)(1) claim. In Arbaugh v. Y & H Corporation, ____ U.S. ___, 126 S.Ct. 1235 (2006), the United States Supreme Court, in a Title VII case, recently discussed the distinction between those two "sometimes confused and conflated concepts". The Court adopted and applied a "readily administrable bright line test" for addressing the subject-matter

_____

jurisdiction over this case under §1331, as a civil action arising under the laws of the United States, as well as diversity jurisdiction under §1332.  Mead has made no argument as to how Aviall would affect these alternative bases of jurisdiction even if the court were to accept Mead's position that Aviall deprives the court of subject matter jurisdiction under CERCLA.

6

jurisdiction/ingredient-of-claim-for-relief issue:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue .... But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."

126 S.Ct. at 1245 (citation omitted).

Applying this bright line test in this case, it is clear that the statutory "during or following a [§106 or §107(a)] civil action" limitation on a §113(f)(1) contribution claim must be treated as nonjurisdictional, as there is no clear statement in the statutory language that Congress considered that language to be jurisdictional in nature. Instead, the condition recognized in Aviall, like the numerosity requirement under Title VII as addressed in Arbaugh, should be treated as an element of a §113(f)(1) claim.

The conclusion that the Aviall holding is not jurisdictional also is bolstered by a plain reading of the Aviall opinion. Aviall simply did not hold that the failure to meet the "during or following a civil action" condition deprives a court of subject matter jurisdiction over a §113(f)(1) claim. In fact, the Court never mentioned subject matter jurisdiction at all. Instead, the Court concluded that, because it was undisputed that Aviall had never been subject to a §106 or §107(a) civil action, "Aviall

7

therefore has no §113(f)(1) claim" 543 U.S. at 168, language clearly suggestive of a failure to state a §113(f)(1) cause of action rather than a fundamental jurisdictional defect.

Moreover, if the Supreme Court had considered the failure to meet the "during or following a civil action under [§106 or §107(a)]" condition as jurisdictional, it most certainly would have remanded the Aviall case for dismissal for lack of subject matter jurisdiction.   It did not do so, however.   Instead, it remanded the case for a determination of whether Aviall could seek cost recovery under §107(a), as well as to address other issues that were not briefed or previously addressed by the lower courts, issues that could not be addressed if the courts no longer had subject matter jurisdiction over the case.   543 U.S. at 168-171.

Accordingly, this court concludes that the "during or following a civil action under [§106 or §107(a)]" condition recognized by the Supreme Court in Aviall is an element of a claim for relief under §113(f)(1), not a jurisdictional threshold.   As a result, this court finds that Aviall does not deprive this court of jurisdiction over this case and Mead's motion to dismiss for lack of subject matter jurisdiction will be denied.

As this court continues to retain subject matter jurisdiction over this case post-Aviall, it next must consider Mead's claim that this case should be dismissed for failure to state a claim upon which relief can be granted.     For the following reasons,

8

this court concludes that Mead's motion must be denied.

Unlike an objection that a court lacks subject matter jurisdiction, which may be raised by any party or the court at any stage of the litigation, even after trial and entry of judgment, see, Arbaugh, 126 S.Ct. at 1240, an objection that a complaint fails to state a claim upon which relief can be granted may be waived.

In this case, the court finds that Mead in fact has waived its right at this stage of the litigation to object that plaintiff's complaint fails to state a cause of action based on the Aviall holding.   Although the Aviall decision was not handed down until December of 2004, Mead raised the identical argument addressed in Aviall in this case more than ten years ago upon remand from Beazer I.

In his April 14, 1996, Report and Recommendation, Magistrate Judge Benson noted "Mead's argument that a §9607 claim is a prerequisite for a contribution claim under §9613."   Document No. 180 at page 7.   Although the Magistrate Judge indicated he "makes no ruling in this respect", he also noted that "there is no bar to Beazer seeking contribution under §9613(f) arising from the fact that it incurred response costs pursuant to an [AOC] issued pursuant to . . . RCRA."   Id.

In a memorandum order dated July 8, 1996, this court adopted the Magistrate Judge's Report and Recommendation in this regard

9

and expressly noted that "[t]o the extent that the motion seeks to preclude Beazer from advancing its §9613(f) action on the bases that Beazer's response costs were incurred on a voluntary nature or were incurred under the Resource Conservation Recovery Act, 42, U.S.C. §6901 et seq., the motion likewise is denied." Document No. 193 at page 2.

Despite the court's denial of Mead's motion, Mead failed to raise the issue that a §107 action is a prerequisite to a contribution claim under §113(f)(1) on appeal in Beazer II.   In failing to do so, it effectively waived its right to object to plaintiff's complaint based on a failure to state a claim upon which relief can be granted.   See e.g. United States v. Pultrone, 241 F.3d 306 (3d Cir. 2001)(failure to preserve issues that could have and should have been raised in first direct appeal were waived for purposes of second appeal).

Mead's status as a responsible party under CERCLA has been conclusively established in this case for well over ten years and twice has been recognized by the Third Circuit Court of Appeals in Beazer I and in Beazer II.   Mead has had ample opportunity over the years to raise the Aviall issue and in fact did so before this court. Mead's failure to pursue that issue on appeal precludes it from attempting to raise it at this stage of the litigation. See Arbaugh, supra, 126 S.Ct. 1235 (satisfaction of employee numerosity requirement under Title VII was conceded where not

10

challenged prior to trial on merits).

Accordingly, for the foregoing reasons, Mead's motion for judgment on the pleadings will be denied.


ORDER

AND NOW, this *13th* day of July, 2006, for the foregoing reasons, IT IS ORDERED that the Mead Corporation's motion for judgment on the pleadings in light of intervening Supreme Court authority (Document No. 368) be, and the same hereby is, **denied**; and,

IT FURTHER IS ORDERED that the Mead Corporation, if it intends to do so, shall file a motion for interlocutory appeal and brief in support thereof with this court no later than ten days following the date of this order; and,

IT FURTHER IS ORDERED that Beazer East, Inc., shall file its response to any motion for interlocutory appeal within ten days of the filing of Mead's motion.


Gustave Diamond
United States District Judge

11

```
cc:  Melissa L. Evans, Esq.
     K. Mark Hall, Esq.
     D. Matthew Jameson III, Esq.
     Mark D. Shepard, Esq.
     Babst, Calland, Clements & Zomnir, P.C.
     Two Gateway Center, Eighth Floor
     Pittsburgh, PA 15222

     David E. White, Esq.
     Thorp, Reed & Armstrong
     One Oxford Center, 14th Floor
     Pittsburgh, PA 15219

     James Van Carson, Esq.
     Dale E. Stephenson, Esq.
     William V. Shaklee, Esq.
     Squire, Sanders & Dempsey, L.L.P.
     127 Public Square
     4900 Key Tower
     Cleveland, OH 44114
```

AO 72
(Rev. 8/82)