IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEAZER EAST, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 91-408 |
| ) | |
| THE MEAD CORPORATION, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| KOPPERS INDUSTRIES, INC., ) | |
| ) | |
| Third-Party ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER OF COURT

Presently before the court is a motion filed by The Mead Corporation ("Mead") requesting that this court certify its Memorandum and Order of Court dated July 13, 2006, which denied Mead's motion for judgment on the pleadings for failure to state a claim upon which relief can be granted and/or for dismissal based on lack of subject matter jurisdiction in light of intervening Supreme Court authority. For the following reasons, Mead's motion will be granted.

On July 13, 2006, this court entered a memorandum and order of court denying Mead's motion for judgment on the pleadings which sought dismissal of Beazer's contribution claim under §113(f)(1) of CERCLA, 42 U.S.C. §9613(f)(1), in light of the United States Supreme Court's decision in <u>Cooper Industries, Inc. v. Aviall Services, Inc.</u>, 543 U.S. 157 (2004).[1]  In that memorandum and order, this court rejected Mead's contention that <u>Aviall</u> deprives this court of subject matter jurisdiction, concluding that the "during or following a civil action under [§106 or §107(a)]" condition is an element of a claim for relief under §113(f), not a jurisdictional threshold.  In addition, the court found that Mead waived its right to argue that Beazer's complaint fails to state a claim upon which relief can be granted by failing to pursue the identical <u>Aviall</u> issue on appeal to the Third Circuit Court of Appeals from this Court's July 8, 1996, order denying Mead's motion for summary judgment on that ground.

Mead now seeks certification of this court's July 13, 2006, memorandum and order for interlocutory appeal pursuant to 28 U.S.C. §1292(b), which provides in pertinent part:

---

[1] Therein, the Court held that a private party who had not been sued in an administrative or cost recovery action under §106 or §107(a) of CERCLA, 42 U.S.C. §§ 9606 or 9607(a), may not obtain contribution from other liable parties under §113(f)(1) of CERCLA, 42 U.S.C. §9613(f)(1).  Rather, the "during or following any civil action" language set forth in §113(f)(1) requires, as a prerequisite to seeking contribution under §113(f)(1), a prior or simultaneous civil action under either §106 or §107(a).

2

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing . . . .

Because this court is satisfied that its July 13, 2006, memorandum and order does involve a controlling question of law as to which there is substantial ground for difference of opinion, and believes that an immediate appeal from that order may materially advance the ultimate determination of this litigation, the court will certify its order for an immediate interlocutory appeal. Of course, while this court first must certify that the order at issue satisfies the statutory criteria for interlocutory appeal, the discretion to grant leave to appeal lies entirely with the appellate court. Id.; see also Katz v. Carte Blanche Corporation, 496 F.2d 747, 754 (3d Cir. 1974).

28 U.S.C. §1292(b) imposes three criteria for the district court's exercise of discretion in granting an interlocutory appeal certificate: (1) the order must involve a "controlling question of law"; (2) it must offer "substantial ground for difference of opinion"; and, (3) an immediate appeal from that order must "materially advance the ultimate termination of the litigation." Katz, 496 F.2d at 754. All of these criteria are met in this case.

3

The first criterion necessary for an interlocutory appeal is whether the order contains a "controlling question of law." Here, the court is satisfied that the issue of whether the Supreme Court's decision in <u>Aviall</u> deprives this court of subject matter jurisdiction over Beazer's contribution claim under §113(f)(1) of CERCLA is a controlling question of law within the meaning of §1292(b). As the court noted in its July 13, 2006, memorandum and order, if Mead is correct that <u>Aviall</u> is jurisdictional, then dismissal of Beazer's §113(f)(1) claim is required under Fed.R.Civ.P. 12(h).[2] The court believes that the fundamental issue of subject matter jurisdiction is one of the clearest examples of a "controlling question of law" within the meaning of §1292(b). <u>See</u>, <u>e.g.</u>, <u>Zahn v. International Paper Co.</u>, 469 F.2d 1033 (2d Cir. 1972) <u>aff'd</u> 414 U.S. 291 (1973)(order dismissing a claim for lack of jurisdiction falls within the criteria of §1292(b)).

As the Third Circuit has recognized, "a 'controlling question of law' must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." <u>Katz</u>, 496 F.2d at 755. Here, if the Third Circuit were to agree with Mead that <u>Aviall</u> does deprive this court of subject matter

---

[2] Rule 12(h) of the Federal Rules of Civil Procedure provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

jurisdiction, this court's order would be reversed and Beazer's contribution claim under §113(f)(1) would have to be dismissed. As such, the issue of whether <u>Aviall</u> is jurisdictional constitutes a "controlling issue of law" within the meaning of §1292(b).

The second criterion for an interlocutory appeal is whether there is "substantial ground for difference of opinion." The court finds that this criterion also is met in this case. Mead has cited to cases from several other jurisdictions which suggest, or at least imply, that the condition requiring a §106 or §107(a) civil action in order to seek contribution under §113(f) as recognized in <u>Aviall</u> is jurisdictional in nature. <u>See</u>, <u>e.g.</u>, <u>Consolidated Edison Company of New York, Inc. v. UGI Utilities</u>, 423 F.3d 90 (2d Cir. 2005); <u>Esso Standard Oil Co. (Puerto Rico) v. Rodriguez-Perez</u>, 2005 WL 643484 (D.P.R. March 21, 2005) <u>aff'd</u> 455 F.3d 1 (1st Cir. 2006). Conversely, Beazer cites case law which is more in line with this court's reading of the <u>Aviall</u> decision. <u>See</u> <u>Honeywell International, Inc. v. Phillips Petroleum Co.</u>, 415 F.3d 429 (5th Cir. 2005); <u>Pharmacia Corp. v. Clayton Chemical Acquisition LLC</u>, 382 F.Supp.2d 1079 (S.D. Ill. 2005).

After due consideration of Mead's argument that <u>Aviall</u> deprives this court of subject matter jurisdiction, this court concluded in its July 13, 2006, memorandum and order that the "during or following a civil action" condition is an element of a claim for relief under §113(f), not a jurisdictional threshold.

5

The court stands by that analysis, particularly in light of Arbaugh v. Y & H Corporation, ___ U.S. ___, 126 S.Ct. 1235 (2006), as discussed in the memorandum and order. However, the fact that there are conflicting interpretations from numerous courts on the jurisdictional issue is sufficient for this court to conclude that there is a "substantial ground for difference of opinion" on the jurisdictional implications of Aviall. Accordingly, the court is of the belief that the second criterion for a §1292(b) interlocutory appeal has been met in this case.

The final §1292(b) criterion is that an immediate appeal from the order in question must "materially advance the ultimate termination of the litigation." This last criterion clearly is met here. This case, filed in 1991, already is nearing its sixteenth anniversary. Moreover, the parties indicate that it will take anywhere from, at a minimum, nine months (Beazer) to up to two years (Mead) from this point to reach a final resolution. If an interlocutory appeal is not taken, and the case proceeds through another round of discovery to another two week to month long allocation hearing, and only after all of that the Third Circuit ultimately determines that this court was incorrect and did not have subject matter jurisdiction over Beazer's §113(f)(1) claim, nine months to two years of additional time and expense will have been expended for naught.

6

The court firmly believes that this case presents the precise situation that §1292(b) was designed to avoid. See Katz, supra, 496 F.2d at 756 (policies favoring interlocutory appeal include the avoidance of possible waste of trial time and litigation expense). Here, considerations of economy and efficiency strongly militate in favor of granting an interlocutory appeal. As already noted, if the Third Circuit were to agree with Mead that Aviall does deprive this court of subject matter jurisdiction, Beazer's contribution claim under §113(f)(1) would have to be dismissed pursuant to Rule 12(h) of the Federal Rules of Civil Procedure. In light of the recent decision of the Third Circuit in du Pont de Nemours & Company v. United States, ___ F.3d ___, 2006 WL 2474339 (3d Cir., August 29, 2006), in which the court held that no implied cause of action for contribution under §107 of CERCLA, or under federal common law, is available to a potentially responsible party that engages in voluntary environmental cleanups, an immediate decision from the Third Circuit as to whether this court retains subject matter jurisdiction over Beazer's §113(f)(1) claim clearly has the potential to materially advance the ultimate termination of this litigation.

Thus, because the court believes that the issue of whether Aviall deprives this court of subject matter jurisdiction meets all three criteria set forth in §1292(b), it will certify its July 13, 2006, memorandum and order of court for interlocutory appeal.

7

However, the court also would like to note for the record that it does not believe that the other two issues asserted by Mead in its motion meet the §1292(b) criteria because the court does not believe that there is any ground for difference of opinion that Mead waived its right to raise any non-jurisdictional Aviall argument.

Mead advances as additional controlling questions of law the issues of whether Aviall supplants all prior inconsistent rulings in this case and whether the "civil action" issue was ever resolved in the first place. In its July 13, 2006, memorandum and order, this court, after finding that the "during or following a civil action" condition is an element of a §113(f) claim and not a jurisdictional prerequisite, found that Mead waived its right to object to plaintiff's complaint for failing to state a claim upon relief could be granted by failing to raise the issue that a §107 action is a prerequisite to a contribution claim under §113(f)(1) on appeal in Beazer II.

As the court noted in its memorandum and order, Mead has had ample opportunity over the course of the last 15 years to raise the Aviall issue and in fact did so to Magistrate Judge Benson and to this court over ten years ago. Mead acknowledges in its brief in support of its motion for an interlocutory appeal that it "sought an affirmative determination on this issue" and that it "has consistently argued this issue throughout the course of the

8

proceedings." Mead's Brief in Support of Its Motion to Certify Order for Interlocutory Review at 10. Mead also concedes that, after Magistrate Judge Benson indicated he was "mak[ing] no ruling in this respect" in his April 14, 1996, Report and Recommendation, Mead "continued to press the issue" to this court. However, what Mead indisputably did not do was seek an affirmative decision or press the issue to the Third Circuit on appeal from this court's July 8, 1996, order in <u>Beazer II</u>.

Mead continues to insist in its motion for interlocutory appeal that it did not raise the issue to the Third Circuit because this court "did **not** address (or even mention) the separate issue of 'during or following any civil action' requirement as to which the Magistrate **expressly declined** to issue any ruling." Mead's Brief at 12 (Mead's emphasis). This argument is wholly belied by the record.

As the court pointed out in its July 13, 2006, memorandum and order, this court's July 8, 1996, order <u>expressly</u> states that "[t]o the extent that the motion seeks to preclude Beazer from advancing its §9613(f) action on the bases that Beazer's response costs were incurred on a voluntary nature or were incurred under the Resource Conservation Recovery Act, 42, U.S.C. §6901 <u>et seq.</u>, the motion likewise is denied." Document No. 193 at 2. That is the <u>Aviall</u> issue and that statement plainly constitutes this

9

AO 72
(Rev. 8/82)

court's rejection of that argument.[3]

If Mead was unsure what the court meant when it denied the motion on that basis, Mead could have filed a motion to reconsider asking for clarification of the court's order on the "civil action" issue. Mead did not do so. If Mead did not believe the court ruled on an issue that it "consistently had argued" throughout the proceedings, it could have argued on appeal that the court committed error by not issuing a ruling on that issue. Mead did not do so. For whatever reason, Mead simply chose not to pursue that issue on appeal and it thereby waived it.

Moreover, the <u>Aviall</u> decision was handed down by the Supreme Court on December 14, 2004, while <u>Beazer II</u> still was pending in the Third Circuit. Indeed, the <u>Beazer II</u> decision was not issued until June 13, 2005, six months after <u>Aviall</u>, and Mead could have moved for leave to file a supplemental brief on the impact of <u>Aviall</u> on their pending appeal. Again, Mead did not do so.

---

[3] The only way this statement could have been written to make it any more clear than it already is would be if the court had explicitly spelled out that "[t]o the extent that the motion seeks to preclude Beazer from advancing its §9613(f) action on the bases that Beazer's response costs were incurred on a voluntary nature or were incurred under the Resource Conservation Recovery Act, 42, U.S.C. §6901 <u>et seq.</u>, [<u>as opposed to during or following a civil action under §106 or §107 of CERCLA</u>] the motion likewise is denied." However, as Mead itself consistently raised and pressed this issue, Mead knew, or should have known, the exact meaning inherent in the court's denial without the additional language and Mead's current attempt to create confusion by asserting that the court did not "address or even mention" the issue is not well-taken.

AO 72
(Rev. 8/82)

Thus, this court does not believe that there is any ground for difference of opinion over whether Mead has waived its right to challenge Beazer's §113(f)(1) claim on any non-jurisdictional issue that <u>Aviall</u> creates, and the court would not certify its July 13, 2006, memorandum and order on either of Mead's asserted non-jurisdictional grounds. However, for the reasons stated above, the court believes that the issue of the jurisdictional implications of <u>Aviall</u> does meet the statutory criteria of §1292(b) and will certify the court's July 13, 2006, memorandum and order of court because of that issue.

Of course, the jurisdiction of the Court of Appeals over an interlocutory order extends to all questions included in the order, not just to a particular issue certified for immediate appeal. <u>Ferrostaal, Inc. v. M/V Sea Phoenix</u>, 447 F.3d 212 (3d Cir. 2006). Thus, the Court of Appeals may address any issue fairly included within the certified order because it is the order itself that is appealable, not a controlling question identified by the district court. <u>NVE, Inc. v. Department of Health and Human Services</u>, 436 F.3d 182 (3d Cir. 2006).

Accordingly, for the foregoing reasons, Mead's motion to certify order for interlocutory review will be granted.

ORDER

AND NOW, this 12th day of October, 2006, for the foregoing reasons, IT IS ORDERED that the Mead Corporation's motion to

11

certify order for interlocutory review (Document No. 406) be, and the same hereby is, **granted**; and,

IT FURTHER IS ORDERED that this Court's order dated July 13, 2006, be, and the same hereby is, certified for interlocutory appeal pursuant to 28 U.S.C. §1292(b), the court being of the opinion that it contains a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

                                              /s/ Gustave Diamond
                                              Gustave Diamond
                                              United States District Judge

cc: Melissa L. Evans, Esq.
    D. Matthew Jameson III, Esq.
    Mark D. Shepard, Esq.
    Babst, Calland, Clements & Zomnir, P.C.
    Two Gateway Center, Eighth Floor
    Pittsburgh, PA 15222

    David E. White, Esq.
    Thorp, Reed & Armstrong
    One Oxford Center, 14th Floor
    Pittsburgh, PA 15219

    James Van Carson, Esq.
    Dale E. Stephenson, Esq.
    William V. Shaklee, Esq.
    Squire, Sanders & Dempsey, L.L.P.
    127 Public Square
    4900 Key Tower
    Cleveland, OH 44114

AO 72
(Rev. 8/82)