IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEAZER EAST, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 91-408 |
| THE MEAD CORPORATION, | ) |
| Defendant, | ) |
| v. | ) |
| KOPPERS INDUSTRIES, INC., | ) |
| Third-Party Defendant. | ) |

## MEMORANDUM AND ORDER OF COURT

This matter comes before the court on a discovery dispute. On September 13, 2010, The Mead Corporation ("Mead") filed a motion for protective order requesting limitations on the scope of questioning of Mead's corporate designee as to certain subject areas at a deposition scheduled for September 17, 2010. The court granted the protective order but also granted Beazer East, Inc., ("Beazer") time to file a response to Mead's motion while leaving open the possibility that Beazer might be granted leave to conduct a supplemental deposition of Mead's corporate designee pending a final ruling on the discovery dispute. The deposition of Mead's corporate designee proceeded as scheduled on September 17, 2010.

On September 30, 2010, Beazer filed its response to Mead's motion for protective order asking that the protective order be lifted and that Beazer be permitted to conduct a supplemental deposition on the disputed subject areas set forth in Beazer's deposition notice. Beazer also filed a cross-motion seeking an order requiring Mead's corporate designee to provide more specific responses to questions related to certain other subject areas set forth in the deposition notice. Mead filed a response to Beazer's cross-motion and a reply to Beazer's response to Mead's motion for protective order. Beazer then filed a reply to Mead's response to Beazer's cross-motion.

Upon due consideration of the parties' papers, for the following reasons the protective order previously entered by the court will be lifted and Beazer will be granted leave to conduct a supplemental deposition of Mead's corporate designee as to the three disputed subject areas identified in Beazer's Rule 30(b)(6) notice. In addition, Beazer's cross-motion for more specific responses will be granted and Mead will be directed to produce a corporate designee, or designees if necessary, knowledgeable and prepared to testify as to all of the relevant subject areas set forth in the Rule 30(b)(6) notice.

The parties are quite familiar with the factual background of this now nearly twenty-year-old case and it need not be reiterated here. The latest issue before the court involves a discovery

AO 72
(Rev. 8/82)

dispute stemming from Beazer's deposition notice directed towards Mead's corporate designee pursuant to Federal Rule of Civil Procedure 30(b)(6).[1] In that notice, Beazer identified 16 subject areas upon which it intended to examine Mead's corporate designee at the deposition. Of those 16 subject areas, Mead objected to three:

- 10. Other instances where Mead has been identified as a potentially responsible party, responsible party or liable person, by either a private party or any governmental or environmental agency.

- 13. Any and all corporate transactions from the period 1970 through 1980 that Mead was involved in that included the transfer of environmental liabilities.

- 14. Any and all cost-sharing agreements that Mead has entered into with any other entity regarding environmental liabilities.

As all three of these topic areas bear upon, or reasonably could bear upon, issues that are or may be involved in the litigation, they are relevant and proper subject areas for examination at the deposition of Mead's corporate designee.

---

[1] F.R.C.P. 30(b)(6) provides: "In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules."

AO 72
(Rev. 8/82)

It is axiomatic that the federal rules allow broad and liberal discovery. Pacitti v. Macy's, 193 F.3d 766, 777 (3d. Cir. 1999). Pursuant to the Federal Rules of Civil Procedure, parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense ...." Fed.R.Civ.P. 26(b)(1). The information sought need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. The Federal Rules' relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation. Oppenheimer Fund. Inc. v. Sanders, 437 U.S. 340, 350 (1978).

Here, all three of the disputed subject areas bear on, or reasonably could bear on, the issues that remain in this litigation, to-wit, the equitable allocation of clean-up costs between the parties and the factors to be considered in making that apportionment.

As to subject areas 10 and 13, the relevancy of these topics to an equitable allocation of costs cannot be disputed. Subject area 10 seeks inquiry as to Mead's equitable allocation theories at other sites where Mead has been identified as a potentially responsible party. Mead's position in this case is that the purchasing agreement should be the primary equitable factor in allocation of costs. If Mead has taken a contrary position at

4

other sites where it was identified as a potentially responsible party, that is clearly relevant and Beazer is entitled to examine Mead's corporate designee on that topic.

Likewise, subject area 13, which seeks inquiry on other cost-sharing agreements that Mead has entered into with any other entity regarding environmental liabilities, clearly is relevant on the issue of the equitable allocation of costs. Mead is relying heavily on the 1974 asset purchase agreement between the parties as the primary equitable factor to be considered in allocating costs. Examination of Mead's corporate designee as to other such agreements entered into during the same time period (1970 through 1980) bears upon, or reasonably could bear upon, the ultimate issue remaining in this litigation.

Mead's attempt to limit the scope of this request to only contracts involving former Woodward operations is not valid. Beazer is entitled to inquire into any transaction from 1970 to 1980 that Mead entered into that included transfer of environmental liabilities, and the type of plant that was involved is immaterial to the relevancy of this inquiry.

Subject area 14, which seeks inquiry on cost-sharing agreements that Mead has entered with other entities regarding environmental liabilities, is of more dubious relevancy than subject areas 10 and 13. However, the court nevertheless believes that, at a minimum, the requested topic of examination reasonably

AO 72
(Rev. 8/82)

could bear on the issues remaining, and could lead to the discovery of admissible evidence, and therefore, the court will permit Beazer to examine Mead's corporate designee on that area as well.

Having rejected Mead's argument that the three subject areas are not relevant, the court need only briefly address Mead's argument that the discovery requests would be unduly burdensome. The court does not dispute that discovery in this case is, and has been, extensive and that it has imposed, and will continue to impose, somewhat of a burden on the parties. However, the issue is not whether a discovery request is burdensome but whether it is unduly burdensome, and the court does not believe that Beazer's requests reach that threshold.

What would be unduly burdensome, however, would be for this case, now entering its third decade, to be remanded back to this court for a fourth time because the court improperly limited the scope of relevant discovery. The rules permit broad and liberal discovery and the court fully will embrace that policy in this case. Accordingly, for the foregoing reasons, the court's previously entered protective order will be lifted and Beazer will be granted leave to conduct a supplemental deposition of Mead's corporate designee to be examined on subject areas 10, 13 and 14 as set forth in Beazer's Rule 30(b)(6) deposition notice.

AO 72
(Rev. 8/82)

The court now will turn to Beazer's cross-motion for more specific responses in which Beazer requests that Mead be directed to produce a corporate designee, or designees if necessary, knowledgeable and prepared to testify as to all of the relevant subject areas set forth in the Rule 30(b)(6) notice. Beazer indicates that at the deposition held on September 17, 2010, Mead's corporate designee was unable to answer questions on topics set forth in the Rule 30(b)(6) notice to which Mead otherwise had no objection.

"In producing representatives for a Rule 30(b)(6) deposition, a corporation must prepare them to give 'complete, knowledgeable and binding answers.'" Nevada Power Co. v. Monsanto Co., 891 F. Supp. 1406, 1418 (D. Nev. 1995) (quoting Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C.1989)).

There are four basic duties which Rule 30(b)(6) imposes upon a deponent : (1) the deponent has the duty of being knowledgeable on the subject matter identified as the area of inquiry; (2) the deponent is under a duty to designate more than one deponent if it is necessary to do so in order to respond to the relevant areas of inquiry that are specified with reasonable particularity by the plaintiff; (3) the designating party has a duty to prepare the witness to testify on matters not only known by the deponent, but those that should be reasonably known by the designating party; and, (4) the designating party has a duty to substitute an

7

AO 72
(Rev. 8/82)

appropriate deponent when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry. Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd., 242 F.R.D. 1 (D.D.C. 2007) (corporate defendant would be required to provide as many designated witnesses as might be necessary to the relevant areas of inquiry specified with reasonable particularity by the plaintiff in its deposition notice).

In light of Mead's responsibilities under Rule 30(b), Mead will be directed to produce a corporate designee who shall be prepared to answer questions pertaining to all of the subject areas set forth in Beazer's Rule 30(b)(6) Notice. If one designee is unable to answer questions as to all of the topic areas, then it will be Mead's responsibility to produce more than one corporate designee to comply with Beazer's examination requests. Accordingly, Beazer's cross-motion for more specific responses will be granted.

An appropriate order follows.

ORDER

AND NOW, this 6th day of December, 2010, for the foregoing reasons, IT IS ORDERED that the protective order previously issued by this court (Document No. 452) be, and the same hereby is, **lifted**; and,

AO 72
(Rev. 8/82)

IT FURTHER IS ORDERED that the cross-motion for more specific responses filed by Beazer East, Inc., (Doc. No. 453) be, and the same hereby is, **granted**; and,

IT FURTHER IS ORDERED that Beazer East, Inc., be, and the same hereby is, granted leave to conduct on or before **January 7, 2011** ~~2010~~, a supplemental deposition of Mead's corporate designee, or designees, who shall be prepared adequately to answer questions from Beazer East, Inc., on all of the subject areas set forth in Beazer East, Inc.'s, Rule 30(b)(6) deposition notice.

Gustave Diamond
United States District Judge

cc: D. Matthew Jameson III, Esq.
Stephen A. Antonelli, Esq.
Babst, Calland, Clements & Zomnir, P.C.
Two Gateway Center, Eighth Floor
Pittsburgh, PA 15222

James Van Carson, Esq.
Dale E. Stephenson, Esq.
Whitney Todd, Esq.
Squire, Sanders & Dempsey, L.L.P.
127 Public Square
4900 Key Tower
Cleveland, OH 44114

AO 72
(Rev. 8/82)